IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HELEN J. MOAK,                                  Civ. No. 07-6163-AA

    Plaintiff,                               OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.
_____

Kathryn Tassinari
Brent Wells
HARDER, WELLS, BARON & MANNING, P.C.
474 Willamette, Suite 200
Eugene, OR 97401
    Attorneys for plaintiff

Karen J. Immergut
United States Attorney
District of Oregon
Britannia I. Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

1 - OPINION AND ORDER

David M. Blume
Special Assistant U.S. Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, MS 901
Seattle, WA 98104-7075
    Attorneys for defendant

AIKEN, Judge:

Plaintiff Helen Moak brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her application for Supplemental Security Income (SSI) benefits under Title XVI of the Act. For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

On September 29, 2000, plaintiff filed an application for SSI. Tr. 83-86. Plaintiff's application was denied initially and on reconsideration, and plaintiff requested a hearing. Tr. 72. The hearing resulted in an unfavorable decision by an Administrative Law Judge (ALJ) dated December 27, 2002. Tr. 11-21. The ALJ found that plaintiff had the capacity to perform light work and was "not disabled" under Medical-Vocational Rule 202.20. Tr. 20. On May 2, 2003, the Appeals Counsel denied plaintiff's request for review of the ALJ's decision. Tr. 4-6.

On June 17, 2005, the United States District Court for the Northern District of California (District Court) reversed and remanded the ALJ's decision for the purpose of reconciling

2 - OPINION AND ORDER

plaintiff's subjective testimony with medical evidence and making appropriate findings about her credibility. Moak v. Barnhart, Civ. No. 03-02951-VRW (N.D. Cal. June 17, 2005); Tr. 387-92. The Appeals Council implemented this directive in an order dated August 18, 2005. Tr. 396-97.

On August 23, 2006, plaintiff did not appear for the next administrative hearing. Tr. 847-51. On March 28, 2007, another ALJ held a hearing, and heard plaintiff's testimony as well as that of a vocational expert (VE). Tr. 852-81. On April 4, 2007, the ALJ issued a decision, finding that plaintiff was not disabled as defined in the Act because she could work as an information clerk or a surveillance systems monitor. Tr. 384-85. The ALJ's April 4, 2007 decision became the Commissioner's final decision. 20 C.F.R. § 416.1484(d). On July 5, 2007, plaintiff filed a complaint for judicial review of the Commissioner's denial of benefits.

At the time of the hearing on remand, plaintiff was forty-eight years old. Tr. 854. She has a GED and has worked as a care provider, a courtesy clerk and grocery bagger, a bell ringer for the Salvation Army, a dining room attendant in a retirement home, and a waitress. Tr. 38, 54. Plaintiff's alleged disabilities are chronic muscle spasms in her back, neck, arms, and legs; Carpal Tunnel Syndrome (CTS); weak knees and ankles; chronic pelvic, back, and neck pain; allergies; asthma; hernia; depression; hypertension; water retention; obesity; and Hepatitis-C. Tr. 94.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner, Waters v. Gardener, 452 F.2d 855, 858 n.7 (9th Cir. 1971), but any negative credibility findings must be supported by findings on the record and substantial evidence. Cequerra v. Sec'y of Health & Human Servs., 933 F.2d 735, 738 (9th Cir. 1991). The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). Under sentence four of 42 U.S.C. § 405(g), the court may enter judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing.

**COMMISSIONER'S DECISION**

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920.

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, App. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing her past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the residual functional capacity ("RFC") to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

Here, at step one the ALJ found that plaintiff had not engaged in substantial gainful activity (SGA) since March 31, 2000, her

alleged onset date. Tr. 373; see 20 C.F.R. §§ 416.920(b) and 416.971 et seq. At steps two and three, the ALJ determined that plaintiff's combination of impairments - morbid obesity, left wrist pain, status-post carpal tunnel surgery, and mild to moderate degenerative changes of the dorsal and lumbar spine - were "severe," but did not meet or equal one of the impairments or combination of impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 373; 20 C.F.R. §§ 416.920(d), 416.925, and 416.926.

At step four, the ALJ found that plaintiff retained the residual functional capacity (RFC) to lift twenty pounds occasionally and ten pounds frequently; to sit, stand, or walk for six hours in an eight-hour day; and to frequently use her dominant right hand - and occasionally use her left hand - for fine and gross motor manipulation. Tr. 373. In addition, the ALJ found that plaintiff can perform one-to-three step tasks at all times, and can occasionally complete detailed tasks. *Id.* Lastly, the ALJ found that plaintiff must have the option to sit or stand while working, avoid concentrated exposure to dust, fumes, and extremes of temperature and humidity, and avoid workplace hazards due to use of narcotic pain medications. *Id.* In light of the ALJ's RFC findings, the ALJ concluded that plaintiff is unable to perform her past relevant work. Tr. 384; 20 C.F.R. § 416.965.

At step five, the burden shifts to the Commissioner to

establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. § 416.920(e) and (f). Here, considering plaintiff's age, education, work experience, and RFC, the ALJ determined that plaintiff can perform jobs existing in significant numbers in the national economy. Tr. 384; 20 C.F.R. §§ 416.960(c) and 416.966. Relying on testimony from the VE, the ALJ found that plaintiff could perform other work as an information clerk, a surveillance systems monitor, or a gate guard. Tr. 385. Therefore, the ALJ determined that plaintiff was "not disabled" within the meaning of the Act. *Id.*

## DISCUSSION

### A. The ALJ Properly Discredited Plaintiff's Testimony

Plaintiff claims that the ALJ failed to give clear and convincing reasons for rejecting her testimony. Pl. Br. 17-19. Plaintiff's specific allegations of numerous and severe limitations caused by her health complications are contained throughout the record. Tr. 40-43, 45-46, 49-52, 861-66. Plaintiff testified that she cannot stand up or walk for more than a few minutes without severe pain in her knees and legs. Tr. 52, 861-62. Further, plaintiff testified that, despite having had carpal tunnel surgery, her hands and wrists "give out" at times, causing her to drop things. Tr. 863. Lastly, plaintiff testified that she had inflammation in her arms and elbows, weak and swollen ankles, and pain in her hips. Tr. 863-64.

When objective medical evidence supports the nature of the symptoms alleged and no evidence of malingering is found, the ALJ may reject a plaintiff's testimony regarding the severity of symptoms by identifying clear and convincing reasons supported by substantial evidence in the record. Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). However, the ALJ cannot reject a claimant's symptom testimony solely because it is not fully corroborated by objective medical findings. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991). In determining a claimant's credibility the Commissioner may consider:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

Smolen, 80 F.3d at 1284.

Here, the ALJ found plaintiff's testimony not credible for a variety of reasons. Tr. 378-84. Regarding her musculoskeletal complaints, the ALJ made several findings of inconsistencies between plaintiff's subjective testimony and the objective medical evidence in the record. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599-600 (9th Cir. 1999) (an ALJ may look to the medical record for inconsistencies). First, the ALJ noted that plaintiff's continuing complaints of severe pain in her right wrist and hand

are not consistent with the documented successful results of CTS surgery or the examination by Dr. Bassinger on November 21, 2006, where no swelling, warmth, tenderness, loss of strength, or atrophy in the wrist were present. Tr. 380, 785-88.

Second, the ALJ found that plaintiff's documented degenerative changes in the spine were no more than moderate in their extent and consequences. Tr. 380. Additionally, the ALJ found that neurological findings from 2006, including reflexes, motor strength, muscle atrophy, range of motion, and functional testing were normal. *Id.;* Tr. 580, 787-88. Therefore, the ALJ found that no medical evidence substantiated plaintiff's documented degenerative disease as the cause of her constant leg pain. Tr. 380.

Third, the ALJ found that plaintiff's complaints regarding her knees and ankles were not supported by the record. *Id.* Dr. Bassinger established that plaintiff had no objective findings on examination in 2006, which represents an improvement over the condition of her knees in 2001, when an examination revealed osteoarthritis. *Id.;* Tr. 786. At her hearing, plaintiff carried a cane which she alleged was prescribed for her by someone in Crescent City. Tr. 872. Although the ALJ noted a cane prescription in 2002, the record showed no additional reference to the necessity for an ambulatory device for the past several years. *Id.;* Tr. 691. In fact, Dr. Bassinger specifically stated that

plaintiff did not need an assistive device when he examined her in 2006. Tr. 788.

The ALJ also found that several of the "severe" symptoms that plaintiff claims to be disabled by are treatable and do not objectively impede her ability to work. Tr. 381-83. First, the ALJ found that her stress incontinence is controllable with medication and/or pads. Tr. 381, 789-791. Second, the ALJ found that her insomnia, which she has only tried to treat with drugs, could be addressed by exercise, counseling, or other means, none of which plaintiff has tried. Tr. 381. Next, the ALJ noted that plaintiff's Hepatitis-C is asymptomatic, and she has had mostly normal liver findings. Id.; Tr. 47, 507-18, 654-55. Finally, the ALJ found that the symptoms attributed to plaintiff's severe impairments are adequately addressed by a limitation to a reduced range of light work. Tr. 383.

Regarding plaintiff's daily activities, the ALJ found that they were inconsistent with her allegations of disability. First, the ALJ found that plaintiff's sustained weight loss of more than sixty pounds was contradicted by plaintiff's claim that although she had a walking regimen for a couple of months in 2005, she could presently only stand or walk for a few minutes at a time. Tr. 379, 862, 869. Second, the ALJ noted that plaintiff's testimony regarding her crocheting hobby was "completely inconsistent with disabling levels of carpal tunnel pain" reported by plaintiff. Tr.

380. The ALJ opined that a crafter so avid as to have her crochet hooks with her in her purse at the hearing was not likely to break her enjoyment of the hobby into fifteen minute segments, as she claimed she did to cope with pain and cramping. *Id.*; Tr. 856.

The ALJ also found that plaintiff's credibility was directly challenged by her score on the Structured Inventory of Malingered Symptomology (SIMS) administered by Drs. Boyd and Pitchford. Tr. 383, 754. While the ALJ did not consider this elevated score evidence of malingering, she did note that it challenged plaintiff's credibility. Tr. 383. In reference to plaintiff's personality testing, the same doctors further explained that plaintiff reported a degree of somatic complaints that was unusual even in clinical samples. Tr. 754.

In light of the above evidence, the ALJ determined that although plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms she complained of, her statements regarding the intensity, persistence, and limiting effects were not entirely credible. Tr. 384.

I find these reasons to be clear and convincing and supported by substantial evidence in the record. I recognize that the Act does not require that claimants be incapacitated to be eligible for benefits, <u>Fair v. Bowen</u>, 885 F.2d 597, 603 (9th Cir. 1989), because "many home activities are not transferable to a work environment where it might be impossible to rest periodically or take

medication." Smolen, 80 F.3d at 1287, n.7. Here, however, the ALJ did not err in finding that plaintiff's activities were inconsistent with her allegations of extreme pain. Nor did the ALJ err in finding that plaintiff's subjective testimony was inconsistent with the objective medical evidence of record.

Because this court must determine only whether there is substantial evidence in the record to support the ALJ's findings, Hammock, 879 F.2d at 501, I find that the ALJ provided legally sufficient reasons to support the determination that plaintiff's activities are inconsistent with the level of disability alleged, and that several inconsistencies between plaintiff's subjective testimony and the objective medical evidence in the record exist. Accordingly, I find no error in the ALJ's credibility determination.

B. The ALJ Properly Considered the Opinion of Dr. Kazel

Plaintiff next argues that the ALJ erred in failing to address the opinion of Dr. Kazel, plaintiff's treating doctor in 2001. Pl. Br. 19. Further, plaintiff alleges that even if Dr. Kazel's opinion is inconsistent with other evidence in the record, it is entitled to deference because he was plaintiff's treating physician. *Id.*

The medical opinion of a claimant's treating physician is entitled to special weight and deference because "he is employed to cure and has a greater opportunity to know and observe the patient

as an individual." Rodriguez v. Bowen, 876 F.2d 759, 761 (9th Cir. 1989). The ALJ may reject the uncontradicted opinion of a treating or examining physician by providing clear and convincing reasons supported by substantial evidence in the record. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). If contradicted, the ALJ may reject the opinion with specific and legitimate reasons. Andrews, 53 F.3d at 1043.

Although the ALJ did not specifically address Dr. Kazel's opinion in the April 2007 decision, she did incorporate, by reference, this opinion as discussed in the prior ALJ decision. Tr. 374 ("The evidence available through the decision of December 27, 2002, is discussed in that decision, and is incorporated by reference."). The District Court remanded this case for a credibility determination, but did not find fault with the ALJ's consideration of the medical evidence.

In her December 27, 2002 decision, the ALJ found that Dr. Kazel's conclusion that plaintiff was disabled and could not maintain meaningful employment was not supported by the medical record. Tr. 17.

First, the ALJ noted that the evidence in the record established that many of plaintiff's impairments were controlled by medication or asymptomatic, and that her orthopedic impairments were only mild to moderate in severity. Tr. 16. Second, plaintiff

13 - OPINION AND ORDER

was scheduled for CTS surgery at the time of the 2002 decision, with no indication that CTS impairments would last the requisite twelve months for a finding of disability. *Id.* Third, medical records from Sutter Coast Hospital, dated July 13, 2000 through February 6, 2001, supported the findings of plaintiff's treating physicians at Del Norte Health Center, which indicated that plaintiff's degenerative disc and joint disease was in its very early stages with no significant changes. Tr. 17. Fourth, lower extremity findings provided no basis for plaintiff's complaints of knee and ankle pain. *Id.* Fifth, the ALJ found that plaintiff's medical records from the Open Door Community Health Clinic itself, where Dr. Kazel treated plaintiff, did not support Dr. Kazel's finding of disability. *Id.* Thus, the ALJ provided specific, clear and convincing reasons supported by substantial evidence in the record. Tr. 457-79, 263-307.

Additionally, Dr. Kazel's findings of disability were directly contradicted by the opinion of Dr. Vu, M.D., who examined plaintiff in March 2001 and concluded that she was able to work. Tr. 308-14. Dr. Vu concluded that plaintiff could perform sedentary work, but osteoarthritis impacted her ability to bear weight and do heavy labor. Tr. 313-14. Finally, in a report dated March 17, 2001, Dr. Ghaemian, M.D., a psychiatric consultive examiner, indicated that while plaintiff reported depressive symptoms, she was responding well to treatment and had a good prognosis for recovery within

twelve months. Accordingly, the ALJ found that Dr. Kazel's conclusion was not supported either in his own reports or in the medical record as a whole. Tr. 17.

For the aforementioned reasons, I find that the ALJ provided specific and legitimate rationale to reject Dr. Kazel's opinion, supported by substantial evidence on the record.

C. The ALJ Properly Evaluated the Vocational Expert's Testimony

Finally, plaintiff argues that the ALJ did not meet her burden at step five of the analysis because she relied on VE testimony that was not supported by substantial evidence. Pl. Br. 19-20. Specifically, plaintiff argues that the ALJ failed to incorporate the opinion of Dr. Kazel and plaintiff's subjective testimony regarding her limitations in the ALJ's hypothetical presented to the VE. *Id.*

In order for the testimony of a VE to be considered reliable, the hypothetical question posed must include "all of the claimant's functional limitations, both physical and mental" supported by the record. Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002) (quoting Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995)). The ALJ is free to reject restrictions in a hypothetical question that are not supported by substantial evidence. Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001) (holding that an ALJ must propose a hypothetical that is based on medical assumptions supported by substantial evidence in the record that reflect each

of the claimant's limitations).

Because the ALJ properly rejected Dr. Kazel's opinion and plaintiff's subjective testimony, she was not bound to include any limitations from these sources in the vocational hypothetical. Therefore, I find that the ALJ properly evaluated the vocational expert's testimony.

## CONCLUSION

Substantial evidence in the record supports the ALJ's findings and conclusion that plaintiff is not disabled under the Act. Therefore, the decision of the Commissioner is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 25th day of March, 2008.

_____
Ann Aiken
United States District Judge